IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN COLLETTA<br><br>v.<br><br>CITY OF PHILADELPHIA, ET AL. | CIVIL ACTION<br><br>NO. 16-3823 |

### MEMORANDUM RE DEFENDANTS' MOTION TO DISMISS

**Baylson, J.**                                                                                      **October 21, 2016**

This case involves allegations that Plaintiff Maryann Colletta, both in her individual capacity and as Executrix for the estate of her deceased husband, Anthony Colletta ("Decedent"), was denied certain post-employment benefits that Decedent had accrued over the course of his career with the City of Philadelphia.  Defendants City of Philadelphia ("City"), Director of Finance Rob Dubow, Budget Director and Chief Administrative Officer Rebecca Rhynhart, and Deputy Human Resource Director Brian Albert (collectively, "Defendants") move to dismiss under Federal Rule of Civil Procedure 12(b)(6) Plaintiff's

1. Procedural due process claim;
2. Claim for violation of the Philadelphia Code and Administrative Rule No. 3;
3. Claim for violation of the Philadelphia Code and Administrative Rule No. 11;
4. Claim for violation of the Philadelphia Code and Civil Service Regulation No. 21;
5. Breach of contract claim;
6. Promissory estoppel claim;
7. Unjust enrichment claim; and
8. Claim under the Pennsylvania Wage Payment and Collection Law ("WPCL").

Because Plaintiff has failed to show a protected federal interest under <u>Unger v. Nat'l Residents Matching Program</u>, 928 F.2d 1392 (3d Cir. 1991), her procedural due process claim

under 42 U.S.C. § 1983 must fail.  Count I is therefore dismissed without prejudice, with leave to amend.  The dismissal of Count I leaves no basis for this Court to exercise federal jurisdiction over the remaining claims.  Therefore, such claims are dismissed without prejudice, as well.

### I.    Facts and Procedural History

Plaintiff alleges that her husband was employed by the City as an exempt, non-Civil Service employee for approximately thirty years until his death on November 19, 2011.  ECF No. 1, Complaint ¶¶ 22, 29, 35, Ex. A.  Decedent accumulated certain benefits from the City during that time period, including the approximately 200 sick days which are at the crux of the instant matter.  Id. ¶ 23.  Plaintiff avers that three Administrative Rules and one Civil Service Regulation govern the payment of post-employment benefits to her husband, and that she made demands for compensation pursuant to those provisions upon his death.  Id. ¶¶ 26, 27.  Plaintiff characterizes the City's response to her request, which explained why Plaintiff was not entitled to additional benefits, as "express notice of [the City's] intent to violate its own Administrative Rules without due process of law" due to a statement therein regarding the Rules' inconsistency. Id. ¶ 28, Ex. B.

Although the Complaint broadly seeks "accrued personal benefits and compensation" allegedly due under the provisions cited, Plaintiff avers in her Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Opposition") that she is in fact seeking extended healthcare pursuant to the Administrative Rules.  Id. ¶¶ 26, 54, 59, 64; Pl.'s Mem. Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 8-9.[1]

---

[1] Because there are no page numbers in Plaintiff's Opposition, the references to that document in this Memorandum are to the ECF page numbering.

On July 14, 2016, Plaintiff filed an eight-count complaint alleging one federal constitutional claim for violation of procedural due process, claims for violations of three Administrative Rules and one Civil Service Regulation, and four state law claims for breach of contract, promissory estoppel, unjust enrichment, and unpaid wages under the WPCL (ECF No. 1). On August 12, 2016, Defendants filed a motion to dismiss all claims in Plaintiff's Complaint, contending that each claim should be dismissed as a matter of law (ECF No. 4). On September 2, 2016, Plaintiff responded (ECF No. 5).

## II.   Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff. Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n.3). Accordingly, to survive a motion to dismiss, a plaintiff must

plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### III. Discussion

In Count I, Plaintiff asserts a claim that her procedural due process rights were violated by Defendants' decision not to provide certain post-employment benefits to Plaintiff, without giving Plaintiff notice or an opportunity to be heard. Because Plaintiff has not shown that the benefits at issue are constitutionally-protected property under Unger, her due process claim is dismissed without prejudice, with leave to amend.[2]

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." Ellmore v. Cleary, 399 F.3d 279, 281 (3d Cir. 2004). In this case, Plaintiff asserts a procedural due process claim for deprivation of a property interest in certain accumulated benefits allegedly owed to her after her husband's death.

To state a procedural due process claim, a plaintiff must allege (1) "[s]he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to [her] did not provide due process of law."

---

[2] We note that Defendants have not sought dismissal based on Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), in which the Supreme Court held that a plaintiff alleging a Section 1983 violation against a local government must show that her injury was caused by the government's "policy or custom." Monell, 436 U.S. at 694. Had Defendants done so, Plaintiff's passing reference to "Defendants' practice of taking the personal property accrued by employees," unsupported by any facts, far from meets the standard announced in Monell. Cmplt. ¶ 46.

Hammond v. Chester Upland Sch. Dist., No. 13-6209, 2014 WL 4473726, at *6 (E.D. Pa. Sept. 9, 2014) (alterations in original) (quoting Iles v. de Jongh, 638 F.3d 169, 173 (3d Cir. 2011)). Only those property interests to which a plaintiff can show a "legitimate claim of entitlement" are afforded procedural due process protection. Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972). Whether such a claim of entitlement exists is not determined by the Constitution, but rather according to existing state law. Id.; Ellmore, 399 F.3d at 282 (3d Cir. 2004); Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008).

"Today it is beyond dispute that a contract with a state entity can give rise to a property right protected under the Fourteenth Amendment." Unger, 928 F.2d at 1397. However, not every such contractual relationship gives rise to a protected interest. Rather, two types of contracts have been held to create a protected property interest: (1) those that confer a protected status and (2) those that permit the state entity to terminate the contract only for cause. Id. at 1399. The former encompasses agreements "characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits." Id. (citing S & D Maint. Co. v. Goldin, 844 F.2d 962, 967 (2d Cir. 1988)).

In order for Plaintiff's due process claim to proceed, she must allege facts showing a constitutionally-protected property interest in the value of her husband's accumulated sick time. Plaintiff states no source for that interest other than the contract that allegedly existed between Plaintiff and Defendants. See Unger, 928 F.2d 1392, 1399; Pl's Opp'n at 7-9. The threshold inquiry for this Court, then, is whether such a contract for post-employment benefits, were it to exist, could create a constitutionally-protected property interest of this kind. We answer that question in the negative.

5

Defendants cite three cases, none of which are binding on this Court, for the conclusion that Plaintiff does not have a constitutionally-protected property interest in her husband's accrued benefits.  See ECF No. 4, Defs.' Mem. Supp. Mot. to Dismiss at 7 (citing Piekutowski v. Township of Plains, No. 05-2078, 2006 WL 3254536, at *5 (M.D. Pa. Nov. 9, 2006) (dismissing plaintiff's claim that his government employer deprived him of a vested property interest in accumulated sick leave without due process of law); Pence v. Mayor & Twp. Comm. of Bernards Twp., 453 F. App'x 164, 167 (3d Cir. 2011) (holding plaintiff's sick leave was not a constitutionally protectable property interest, even if provided for via plaintiff's contract with government employer); Skowronek v. Borough of Avonmore, No. 07-689, 2007 WL 2597930, at *3 (W.D. Pa. Sept. 5, 2007) (relying on Piekutowski to find that "[e]mployment benefits, such as sick leave, are not property interests protected by the due process safeguards of the Fourteenth Amendment").

Piekutowski is illustrative of the reasoning in these three cases, and the facts are analogous here.  Upon the Piekutowski plaintiff's retirement, he sought and was refused compensation for the value of his accumulated sick leave.  As a result, the plaintiff brought suit in federal court, alleging a Due Process violation as well as state law breach of contract.  See Piekutowski, 2006 WL 3254536, at *2.  The court applied Unger to find that the plaintiff had failed to plead facts demonstrating that his employment agreement contained a for-cause termination provision or that it "confer[red] a protected status . . . in providing annual sick leave and the right to accumulate unused sick leave."  Id. at *4-5.  As such, even assuming the plaintiff had a contractual entitlement to the value of his accrued sick leave, such a property interest was not protected by the Fourteenth Amendment.  Id. at *5.  Moreover, the court reasoned, "even if [the plaintiff's] property interest [were] protectable, due process [was] satisfied by the

6

availability of a post-deprivation breach of contract action in state court." Id. at *6 (citing Ramsey v. Bd. of Educ., 844 F.2d 1268 (6th Cir. 1988)).

Here, Plaintiff avers that her property interest is protectable under the second prong of Unger as a contract conferring "protected status." Pl.'s Opp'n at 8-9. Plaintiff's argument relies on her asserted property interest in "healthcare,"[3] which she argues, "similar to welfare and social security[,] creates an issue of extreme dependence" as opposed to the property interest at issue in the cases relied on by Defendants—the value of accrued sick leave. Id. at 9. Although Plaintiff asserts that such a property interest is of the type deemed constitutionally-protected by Unger, she offers no supporting precedent, and indeed neither the U.S. Supreme Court, the Third Circuit nor any District Court therein has found the continuation of health insurance coverage to be a property interest protected under the Due Process clause.

The most analogous case analyzed under the Unger framework in the Third Circuit is Boyd v. Rockwood Area School Dist., 105 F. App'x 382 (3d Cir. 2004), in which retired schoolteachers' alleged entitlement to a certain type of health insurance was held to not be a constitutionally-protected interest. Boyd, 105 F. App'x at 386. The court compared plaintiffs' reduction in health insurance coverage to the circumstances in Goldberg v. Kelly, 397 U.S. 254 (1970), in which "[t]he welfare benefits conferred . . . resulted in the recipient's 'extreme dependence' for day-to-day survival," to find that such dire needs were not implicated by the situation facing plaintiffs. Id. at 386. Although in the instant case Plaintiff alleges a total loss of health insurance coverage rather than a reduction in the level of coverage, she does not place at issue the deprivation of any other benefits allegedly due to her by the City. See Pl.'s Opp'n at 3

---

[3] The property interest Plaintiff identified in her Complaint was not in fact "healthcare" but rather "accrued personal benefits and compensation." Cmplt. ¶ 26.

7

(stating that following her husband's death, "Plaintiff received partial payment for vacation time, a death benefit, and started to receive [her husband's] pension"); Jones v. Twp. of Middletown, No. 11-564, 2011 WL 3157143, at *6 (E.D. Pa. July 26, 2011) (finding a lack of extreme dependence partly due to plaintiff's receipt of other benefits provided under the contract at issue). The fact that Plaintiff has received other post-employment benefits from the City since Decedent's death counsels against finding extreme dependence.

Most importantly, Plaintiff has not set forth any factual or legal basis that would justify this Court's departure from Third Circuit precedent finding employment benefits insufficient to meet the stringent standard imposed by Unger. Although Plaintiff's interest in health insurance is not to be minimized, she has not shown how it is equivalent or comparable to a welfare recipient's reliance on the program for "the very means by which to live." Goldberg, 397 U.S. at 264.

Indeed, other courts that have considered this issue have come to the same result, "generally declin[ing] to find a protectable property interest in ancillary financial benefits associated with employment, . . . where those benefits do not rise to the level of extreme dependence or permanence." See Jones, 2011 WL 3157143, at *5-6 (finding that decedent police officer had no protected property interest in value of underinsured motorist coverage contracted for by government employer); Skowronek, 2007 WL 2597930, at *3 (stating "[e]mployment benefits, such as sick leave, are not property interests protected by the due process safeguards of the Fourteenth Amendment"); Bell v. Westmoreland Cent. School Dist., No. 87-1592, 1991 WL 33161, at *4 (N.D. NY Mar. 11, 1991) (holding that contract providing for post-retirement health insurance coverage did not create constitutionally-protected property right). The thrust of the relevant case law focuses on the stringency of the standard for finding

that a contract has created a property right meriting constitutional protection. See S&D Maint. Co. v. Goldin, 844 F.2d 962, 966 (2d Cir. 1988) (stating "[t]he Due Process Clause is invoked to protect something more than an ordinary contractual right"); Physicians' Servs. Med. Group v. San Bernardino Cty., 825 F.2d 1404, 1409-10 (9th Cir. 1987) ("[T]he farther the purely contractual claim is from an interest as central to the individual as employment, the more difficult it is to extend it constitutional protection without subsuming the entire state law of public contracts.").

### IV. Conclusion

Due to Plaintiff's failure to show that she has a property interest meriting constitutional protection under Unger, Defendants' motion to dismiss Plaintiff's due process claim (Count I) is granted without prejudice, with leave to amend. The Court has doubts that Plaintiff can amend to add facts to come within existing precedent. Furthermore, Plaintiff has not alleged what efforts, if any, she made prior to filing this lawsuit other than the inquiry referred to in the City's letter dated December 8, 2014, to secure "due process" from the City or to challenge the City's decision regarding what benefits were owed to her.[4] Cmplt. Ex. B.

In the absence of Count I, this Court has no subject matter jurisdiction to hear Plaintiff's remaining claims; therefore, they too are dismissed without prejudice. An appropriate Order follows.

O:\CIVIL 16\16-3823 Colletta v. City of Phila\16cv3823 Memorandum Granting MTD.docx

---

[4] Although a plaintiff pursuing a procedural due process claim under Section 1983 need not exhaust state administrative remedies prior to filing suit, Patsy v. Bd. of Regents, 457 U.S. 496, 500 (1982), the plaintiff must allege that the remedies afforded, whether or not taken advantage of, are constitutionally deficient. See Shappell v. Camden Cty. Bd. of Soc. Servs., No. 13-5287, 2014 WL 2434185, at *3-4 (D.N.J. May 29, 2014). That is, even if Plaintiff here were able to show that she has a constitutionally-protected property right in the employment benefits at issue, she must further plausibly allege that the procedural protections available to her, whatever they may be, do not meet the constitutional guarantee of due process. See id.